**Order Filed on March 19, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY Caption in compliance with D.N.J. LBR 9004-2(c)** |
| **BECKER LLC** 354 Eisenhower Parkway, Plaza Two, Suite 1500 Livingston, NJ 07039 Phone: (973) 422-1100 Fax: (973) 422-9122 Counsel for Eric R. Perkins, Chapter 7 Trustee: Robert D. Towey, Esq.  Email:  rtowey@becker.legal |

In re:

    J. SCROFANI CONSTRUCTION CORP.,

              Debtor.

Chapter 7

Case No. 17-19984 (RG)

Honorable Rosemary Gambardella, U.S.B.J.

**Hearing Date:  3/17/20**

**ORDER PURSUANT TO 11 U.S.C. § 363 AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENT AND FOR OTHER RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through five (5), be and is hereby **ORDERED**.

**DATED: March 19, 2020**

*/s/ Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

**In re:**     J. Scrofani Construction Corp.

**Case No.:**    17-19984 (RG)

**Caption:**    *Order Pursuant to 11 U.S.C. § 363 and § 502 and Fed. R. Bankr. P. 9019 for Approving Settlement and for Other Related Relief*

---

**THIS MATTER** having come before the Court on the Motion filed by Eric R. Perkins, Chapter 7 Trustee (the "Chapter 7 Trustee" or "Trustee") of the Estate of J. Scrofani Construction Corp. (the "Debtor") for an Order approving settlement of the claims asserted by the Trustee against Hartz Mountain Industries, Inc. ("Hartz") pursuant to 11 U.S.C. §363 and § 502 , Fed. R. Bankr. P. 9019 and granting such other and further relief as the Court may find just and proper under the circumstances (the "Motion"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion as it pertains to the entry of this Order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Motion and any objections thereto, and having heard the arguments of counsel in support of the relief requested at a hearing before the Court, if any; and it appearing that entry of this Order is in the best interest of the Debtor and the estate, any creditors and other stakeholders; and upon the Motion and the record of the Hearing; and after due deliberation and good cause appearing herein;

**In re:**     J. Scrofani Construction Corp.

**Case No.:**   17-19984 (RG)

**Caption:**   *Order Pursuant to 11 U.S.C. § 363 and § 502 and Fed. R. Bankr. P. 9019 for Approving Settlement and for Other Related Relief*

---

**IT IS FOUND AND DETERMINED THAT:**

A.   On May 15, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

B.   Thereafter, on May 16, 2017, the Office of the United States Trustee appointed Eric R. Perkins as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate").

C.   After reviewing the Debtor's available documents, the Trustee concluded that a potential claim existed against Hartz totaling $104,367.00 (the "Claim") for work allegedly performed by Debtor on various projects for Hartz prior to the commencement of the Bankruptcy Case.

D.   The Trustee made a demand upon Hartz to pay the Claim, however, Hartz denied any liability with respect to the Claim and asserted defenses against the Trustee with respect to the Trustee's ability to collect on the Claim.

E.   Thereafter, the Trustee and Hartz (collectively the "Settling Parties") reached a settlement with respect to the Claim as set forth in further detail in the Settlement Agreement attached hereto as Exhibit "A". Pursuant to the Settlement Agreement, Hartz has agreed to pay to the Trustee the sum of Thirty Five Thousand Dollars ($35,000.00) (the "Settlement Payment"). Further, the Settling Parties have agreed to mutually release each other from any and all obligations, claims, and demands of any kind whatsoever, at law or

**(Page 4)**

**In re:** J. Scrofani Construction Corp.

**Case No.:** 17-19984 (RG)

**Caption:** *Order Pursuant to 11 U.S.C. § 363 and § 502 and Fed. R. Bankr. P. 9019 for Approving Settlement and for Other Related Relief*

---

in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating to the Claim

      F.      In addition to the release of claims, Hartz is forever barred, estopped, and enjoined from filing a proof of claim or requesting payment in the form of an administrative claim in the Debtor's case and any proofs of claim filed by Hartz shall be barred from participation in any distribution to creditors.

      G.      The Trustee has articulated good and sufficient business judgment to support this Court's approval of entry of an Order approving a settlement with respect to the Claim between the Trustee and Hartz granting such other and further relief as the Court may find just and proper under the circumstances.

      H.      The terms of the Settlement are fair and reasonable and satisfy the requirements of Fed. R. Bankr. P. 9019, including, but not limited to, the requirements set forth in *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).

**In re:**     **J. Scrofani Construction Corp.**

**Case No.:**     **17-19984 (RG)**

**Caption:**     *Order Pursuant to 11 U.S.C. § 363 and § 502 and Fed. R. Bankr. P. 9019 for Approving Settlement and for Other Related Relief*

---

### IT IS THEREFORE ORDERED THAT:

1. The Trustee's Motion is hereby GRANTED, and all objections to the Motion, if any, which have not been withdrawn are overruled.

2. Hartz shall pay the Trustee $35,000.00 within ten (10) days of its receipt or an entered copy of this Order.

3. The Settlement Agreement attached to this Order as Exhibit "A" is APPROVED.

4. The Bankruptcy Court retains exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Settlement Agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith; (b) to resolve any disputes, controversies or claims arising out of or relating to the Settlement Agreement; and (c) to interpret, implement and enforce the provisions of this Order.

5. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).